**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000409
18-FEB-2021
08:11 AM
Dkt. 32 SO**

NO. CAAP-19-0000409

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
CRYSTAL LAWELAWE, Defendant-Appellee,
and
SCOTT'S BAIL BONDS, LLC.,
Real Party in Interest-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCW-19-0000715)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Real Party in Interest/Appellant Scott's Bail Bonds, LLC (**SBB**) appeals from an Order entered on April 26, 2019 (**4/26/19 Order**), by the District Court of the First Circuit, Honolulu Division (**District Court**),[1] which denied SBB's Motion to Set Aside Bail Forfeiture (**Motion to Set Aside**) without holding a hearing.

On appeal, SBB argues, and Plaintiff-Appellee State of Hawaiʻi (**State**) agrees, that the District Court erred in denying SBB's Motion to Set Aside because: (1) good cause existed to grant the Motion to Set Aside where the defendant was timely returned to custody; and (2) SBB's Motion to Set Aside was timely filed.  SBB asserts that this court should either set aside the

---

[1]  The Honorable Lono J. Lee presided.

subject Judgment Re: Bail/Bond Forfeiture (**Forfeiture Judgment**) or vacate the 4/26/19 Order and remand for a hearing.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we vacate the 4/26/19 Order and remand for further proceedings.

Hawaii Revised Statutes (**HRS**) § 804-51 (2014) provides, in relevant part:

> Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond, . . . and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice is given via personal service or certified mail, return receipt requested, to the surety or sureties on the bond, of the entry of the judgment in favor of the State, unless before the expiration of thirty days from the date that notice is given . . . , a motion or application of the principal or principals, surety or sureties, or any of them, showing good cause why execution should not issue upon the judgment, is filed with the court.

In terms of the applicable standard of review, this court has previously stated:

> [T]he determination of whether a principal or a surety under a bail bond may secure relief from a judgment of forfeiture, involves a question of law reviewable *de novo*. State v. Camara, 81 Hawaiʻi 324, 329, 916 P.2d 1225, 1230 (1996).
>
> However, a lower court's order denying relief from a judgment of bail bond forfeiture on grounds that a surety has not, as required by HRS § 804-51, shown "good cause why execution should not issue upon the judgment" is reviewed for abuse of discretion. State v. Ranger Ins. Co., 83 Hawaiʻi 118, 122-24, 925 P.2d 288, 292-94 (1996). "An abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Walsh v. Chan, 80 Hawaiʻi 212, 215-16, 908 P.2d 1198, 1201-02 (1995) (internal quotation marks omitted).

State v. Flores, 88 Hawaiʻi 126, 130, 962 P.2d 1008, 1012 (App. 1998).

The District Court's basis for denying the Motion to Set Aside is unclear from the record.  The 4/26/19 Order does not provide a rationale and the District Court did not hold a

hearing.  We note that "good cause why execution should not issue upon [a bail forfeiture judgment] may be shown by the defendant surrendering or being surrendered prior to the expiration of the thirty-day search period."  State v. Camara, 81 Hawaiʻi 324, 331, 916 P.2d 1225, 1232 (1996) (internal quotation marks omitted).

On March 6, 2019, Defendant Crystal K. Lawelawe (**Defendant Lawelawe**) failed to appear at a scheduled court proceeding and the District Court entered the Forfeiture Judgment for $50,000 against SBB.  However, after issuance and service of a bench warrant, Defendant Lawelawe was returned to custody the same day, on March 6, 2019.

Here, SBB is the surety for purposes of HRS § 804-51 because SBB is identified as the surety on the bond.  See State v. Nelson, 140 Hawaiʻi 123, 136, 398 P.3d 712, 725 (2017) (holding that the surety of a bond for purposes of HRS § 804-51 is the party identified as the surety on the bond).  Thus, the thirty-day search period commenced upon service of notice to SBB that the Forfeiture Judgment had been entered.  See HRS § 804-51. Given that there is no dispute that Defendant Lawelawe was back in custody on the same day that she failed to appear in court, good cause exists for execution not to issue on the Forfeiture Judgment.  See Camara, 81 Hawaiʻi at 331, 916 P.2d at 1232. Thus, SBB would be entitled to have the Forfeiture Judgment set aside, provided that it timely filed its Motion to Set Aside within thirty days of receiving notice of the Forfeiture Judgment.

It is not clear when SBB received notice of the Forfeiture Judgment.  The record reflects a "proof of mailing" by the District Court of a Notification of Bail Bond Forfeiture to, inter alia, SBB on March 15, 2019, via certified mail.  The record also contains a signed mailing receipt which, on its face, indicates delivery to SBB on April 21, 2019, although the document was filed in the District Court on April 2, 2019.

On April 18, 2019, SBB filed its Motion to Set Aside. The declaration of SBB's counsel attached thereto states that

notice was received on March 19, 2019.  The Motion to Set Aside was timely if SBB was served with notice of the Forfeiture Judgment no more than thirty days prior, *i.e.*, by March 19, 2019. Given the record in this case, it is unclear when SBB was actually served with notice of the Forfeiture Judgment, although there is nothing in the record that appears to indicate that SBB was served with notice at any time *prior to* March 19, 2019.

In this case, the District Court did not hold a hearing on SBB's Motion to Set Aside and did not make any findings, including as to the date of service on SBB of the Forfeiture Judgment.  Given this record, we will vacate the 4/26/19 Order and remand for further appropriate proceedings on the Motion to Set Aside.

Therefore, IT IS HEREBY ORDERED that the Order Denying Motion to Set Aside Bail Forfeiture, entered April 26, 2019, in the District Court of the First Circuit, Honolulu Division, is vacated.  This case is remanded to the District Court for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, February 18, 2021.

On the briefs:

Anthony T. Fujii,
for Real Party in Interest-
Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge